UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Magistrate Case No. _____ |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1324(a)(2)(B)(iii) |
| Christian A. TORRES-Garciduenas (D1) ) | Bringing in Illegal Aliens |
| and ) | Without Presentation |
| Michael L. DILLON, Jr. (D2) ) | |
| ) | |
| Defendants ) | |

The undersigned complainant being duly sworn states:

On or about **August 22, 2008**, within the Southern District of California, defendants **Christian A. TORRES-Garciduenas (D1)** and **Michael L. DILLON, Jr. (D2)**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Ricardo VALDES-Garcia, Esther MEDINA-Guerrero,** and **Filiberta RAMOS-Diaz** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens, and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **25th** DAY OF **August, 2008.**

Honorable, William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Michael J. Prado, declare under penalty of perjury the following to be true and correct:

The complainant states that **Ricardo VALDES-Garcia, Esther MEDINA-Guerrero,** and **Filiberta RAMOS-Diaz** are citizens of a country other than the United States; that said aliens admitted they are deportable; that their testimony is material, that it is impractical to secure their attendance at trial thereof by subpoena and that they are all material witnesses in relation to this criminal charge and should be held or admitted to bail as prescribed in Title 18, United States Code, Section 3144.

On August 22, 2008 at approximately 3:25 AM, **Christian A. TORRES-Garciduenas (D1)** and **Michael L. DILLON, Jr. (D2)** made application for admission into the United States from Mexico through the San Ysidro Port of Entry via vehicle lane 17. D1 was the driver of a 1999 Chrysler LX1 accompanied by D2. Upon inspection before a United States Customs and Border Protection (CBP) Officer, D1 presented a California drivers license bearing the name and photo of Eric APPEL, Jr. and claimed to be citizen of the United States by virtue of birth. D1 was not able to produce a US Passport or US birth certificate as proof of citizenship. D1 provided two negative customs declarations to the CBP Officer. D1 told the CBP Officer the vehicle belonged to him. D1 also told the CBP Officer he was traveling to San Diego, California.

D2 provided two negative customs declarations, presented his lawfully issued Louisiana identification card and birth certificate. While the CBP Officer was receiving the negative custom declaration from D2, he noticed D1 was gripping the steering wheel aggressively and avoided eye contact. The CBP Officer proceeded to inspect the trunk and discovered several individuals concealed within the trunk. D1 and D2 were taken into custody and escorted into secondary.

While in the secondary lot, a CBP Officer utilized his Narcotic / Human Detector Dog (NHDD) to screen the vehicle. The CBP Officer noticed his NHDD alert to the vehicle.
One adult male and two adult females were removed from the vehicle. The individuals removed from the trunk are identified as **Ricardo VALDES-Garcia (MW1), Esther MEDINA-Guerrero (MW2),** and **Filiberta RAMOS-Diaz (MW3)**. All three were determined to be citizens of Mexico with no entitlements to enter or reside in the United States and are being held as material witnesses in the case.

In secondary, D1 was determined to be an imposter to the California driver's license he presented. Furthermore, immigration record checks confirmed D1 was a citizen of Mexico with no legal documents to enter the United States.

**Probable Cause Statement Continued on page 2.**

**Continuation of Probable Cause Statement**
RE:   Christian A. TORRES-Garciduenas (D1)
      Michael L. DILLON, Jr. (D2)

During a video taped interview, D1 was advised of his Miranda rights and elected to answer questions without benefit of counsel. D1 stated he knew there were people in the trunk because D2 told him. D1 stated he was to drive the vehicle to a location in San Diego, California. Once he dropped off the people in the trunk, D1 stated he would return to Mexico to receive his payment. D1 stated he did not know the amount he was to be paid until he returned to Mexico.

Separate videotaped interviews were conducted with all three material witnesses. All admitted to being citizens of Mexico with no legal documents to enter or reside in the United States. MW1 stated he was traveling to La Brea, California to seek employment. MW1 stated he did not know how much he was to pay because his brother in the United States made all the arrangements. MW2 and MW3 stated their intentions were to reunite with relatives and were going to pay a smuggling fee of $5,000 and $3,500 respectively. MW2 and MW3 were traveling to Los Angeles, California and Fresno, California respectively.

Executed on this 22nd day of **August 2008** at **4:00 PM**

_____
Michael J. Prado / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of **(2)** page(s), I find probable cause to believe that the defendant named therein committed the offense on **August 22, 2008** in violation of Title 8, United States Code, Section 1324.

_____          8/25/08  0549 hrs
MAGISTRATE JUDGE                  DATE / TIME

Continuation of Probable Cause Statement
RE:   Christian A. TORRES-Garciduenas (D1)
       Michael L. DILLON, Jr. (D2)

During a video taped interview, D1 was advised of his Miranda rights and elected to answer questions without benefit of counsel. D1 stated he knew there were people in the trunk because D2 told him. D1 stated he was to drive the vehicle to a location in San Diego, California. Once he dropped off the people in the trunk, D1 stated he would return to Mexico to receive his payment. D1 stated he did not know the amount he was to be paid until he returned to Mexico.

Separate videotaped interviews were conducted with all three material witnesses. All admitted to being citizens of Mexico with no legal documents to enter or reside in the United States. MW1 stated he was traveling to La Brea, California to seek employment. MW1 stated he did not know how much he was to pay because his brother in the United States made all the arrangements. MW2 and MW3 stated their intentions were to reunite with relatives and were going to pay a smuggling fee of $5,000 and $3,500 respectively. MW2 and MW3 were traveling to Los Angeles, California and Fresno, California respectively.

Executed on this 22nd day of August 2008 at 4:00 PM

Michael J. Prado / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) page(s), I find probable cause to believe that the defendant named therein committed the offense on August 22, 2008 in violation of Title 8, United States Code, Section 1324.

MAGISTRATE JUDGE

8-23-08 @ 11:28 a.m.
DATE / TIME

TOTAL P.04